IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 21-cv-01015-RBJ

THE MINH TRAN,

    Applicant,

v.

AURORA GEO PROCESSING CENTER, Aurora, CO,
JOHN FABBRICATORE, Ice Field Director,
ALEJANDRO MAYORKAS, Secretary DHS,
CHAD WOLF, Acting Secretary, DHS, and
MERRICK GARLAND, U.S. Attorney General,

    Respondents.

**ORDER DISMISSING APPLICATION FOR A WRIT OF HABEAS CORPUS**

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 4), filed *pro se*, by Applicant The Minh Tran on April 19, 2021. Respondents filed a Response to the Application on May 11, 2021 (Doc. No. 20). Applicant was afforded an opportunity to file a Reply. (Doc. No. 5). Having considered the parties filings, the Court dismisses the Application for the reasons discussed below.

**I. BACKGROUND**

Mr. Tran initiated this action on April 12, 2021 by filing *pro se* a Verified Petition for Writ of Habeas Corpus (Doc. No. 1). At the time of filing, Applicant was detained at the I.C.E. Aurora Contract Detention Facility in Aurora, Colorado. (*Id.*). In response to

an April 13, 2021 cure order, Mr. Tran resubmitted his pleading on the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 4).

Mr. Tran states in the Application that he is a native of Vietnam, who entered the United States as a lawful permanent resident in 1995. (*Id.*at p. 4).  A final order of removal was issued against him in 2013. (*Id.*at p. 2). Mr. Tran was released under an order of supervision in September 2016 and re-entered ICE custody on September 28, 2020. (*Id.*). Following a 180-day post-removal custody review on March 29, 2021, Applicant was denied release. (*Id.* at p. 4). Mr. Tran asserts that his ongoing detention violates his federal due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] For relief, Applicant requests that he be released under an order of supervision. (*Id.* at p. 6).

Respondents state in their Response to Order to Show Cause that Applicant was released from detention under an order of supervision on April 23, 2021. (Doc. No. 20, at p. 2). Respondents thus argue that the Application should be dismissed as moot. (*Id.*). Mr. Tran did not file a Reply brief.[2]

---

[1] In *Zadvydas*, the Supreme Court considered how long an alien may be detained pending removal under 8 U.S.C. § 1231. Detention lasting six months or less is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. After that six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

[2] Upon his release from detention, Mr. Tran did not provide the Court with an updated mailing address as required by the Local Rules of this Court. Respondents mailed a copy of the Response to Order to Show Cause to Applicant at his last known residential address and also sent a copy of the Response to Applicant's last known email address (*see* Doc. No. 20, at p. 5). Additionally, a copy of the May 12, 2021 minute order (Doc. No. 21) directing Applicant to file a Reply to the Response by June 2, 2021 was mailed to Applicant at his last known residential address.

## II. LEGAL STANDARDS

### A. Habeas Corpus Actions

The remedy of habeas corpus is available when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

### B. Pro Se Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### C. Mootness

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). At all stages of the case, the parties must have a "personal stake in the outcome' of the

lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477 (internal quotation marks omitted). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir.1998) (citing *Spencer*, 523 U.S. at 7). If an event occurs during the pendency of an action that "makes it impossible for the court to grant 'any effectual relief whatever,' the case must be dismissed. *Church of Scientology of California v. United States*, 506 U.S. 9, 11 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895). *See also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (concluding that habeas petition was moot where the petitioner no longer suffered an actual injury that could be redressed by a favorable judicial decision).

A habeas application is not moot if one of the following exceptions applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (quotations omitted).

### III. ANALYSIS

The Government's Response indicates that Mr. Tran has obtained the relief requested in the § 2241 Application–release from detention. Because the Court can no

longer grant any effectual relief in this action, the application is moot. Applicant has failed to demonstrate, and nothing in the record suggests, that one of the exceptions outlined in *Riley* applies. Therefore, this action will be dismissed for lack of subject matter jurisdiction. *See, e.g., Riley*, 310 F.3d at 1256-57 (habeas petitioner's release from detention under an order of supervision mooted his challenge to the legality of his extended detention); *Singh v. Choate*, No. 19-cv-1876-WJM, 2020 WL 108666, at **1-3 (D. Colo. Jan. 9, 2020) (denying as moot habeas petition challenging detention under *Zadvydas* where petitioner was released from I.C.E. custody upon removal to home country); *Haggi v. Choate*, No. 18-cv-03166-PAB, 2019 WL 1254955 at **2-3 (D. Colo. Mar. 18, 2019) (same).

Alternatively, the Court dismisses this action without prejudice pursuant to Fed. R. Civ. P. 41(b) for Applicant's failure to prosecute.

## IV. ORDERS

For the reasons discussed above, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 4), filed *pro se* by The Minh Tran on April 19, 2021, is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction as moot, or alternatively, pursuant to Fed. R. Civ. P. 41(b) for Applicant's failure to prosecute. It is

FURTHER ORDERED that no certificate of appealability shall issue because jurists of reason would not debate the correctness of the jurisdictional and procedural rulings and Mr. Tran has not made a substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Tran files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It is

FURTHER ORDERED that the clerk of the court shall send a copy of this Order to Mr. Tran at the following address: The Minh Tran, 501 S. Snyder Avenue #522, Cheyenne, WY 82007.

DATED June 9, 2021, at Denver, Colorado.

BY THE COURT:

*[signature: Brooke Jackson]*

R. BROOKE JACKSON
United States District Judge